Appeal No. 22-56023

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CHRISTIAN OMAR DIAZ GUEVARA, formerly minor C.G.., BLANCA MENESES; BENJAMIN MENESES
*Plaintiffs-Appellants*,

*v.*

CHAFFEY JOINT UNION HIGH SCHOOL DISTRICT,
*Defendant-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE FERNANDO M. OLGUIN, DISTRICT JUDGE
CIVIL CASE NO. 5:20-CV-01929-FMO-SP

_____

## APPELLANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

_____

CYRUS LEGAL INSIGHTS | A LAW OFFICE
Christopher C. Cyrus, SBN 24097110
4300 Mansfield Dam Road, #331
Austin, Texas 78734
Telephone: (512) 537-9202
christopher@cyrus.legal

*Attorney for Appellants*

# TABLE OF AUTHORITIES

**Page**

## CASES

*F.D.I.C. v. Fidelity & Deposit Co. of Maryland*
    196 F.R.D. 375 (S.D. Cal. 2000) ................................................................ 1

*Hansen v. Morgan*
    582 F.2d 1214 (9th Cir. 1978) .................................................................... 1

*Midbrook Flowersbulbs Holland B.V. v. Holland Am. Bulls Farms, Inc.*
    874 F.3d 604 (9th Cir. 2017) ...................................................................... 1

*Molura v. Miller*
    621 F.2d 334 (9th Cir. 1980) ...................................................................... 1

*Ratha v. Phatthana Seafood Co.*,
    35 F.4th 1159 (9th Cir. 2022) .................................................................... 4

*Telco Leasing, Inc. v. Transwestern Title Co.*
    630 F.2d 691(9th Cir. 1980) ....................................................................... 1

*United States v. Patrin*
    575 F.2d 708(9th Cir. 1978) ....................................................................... 1

## RULES

Federal Rule of Appellate Procedure 26(b) ................................................... 1

This Court is "empowered 'for good cause shown' to enlarge the time limits prescribed by the Federal Rules of Appellate Procedure." *Mollura v. Miller*, 621 F.2d 334, 335 (9th Cir. 1980) (quoting Fed. R. App. P. 26(b)). Counsel for Appellants contends that good cause exists here to permit the filing of a supplemental brief for three reasons: (1) because he did not have an opportunity to identify the issue detailed in Appellant's supplemental brief (attached hereto as "Exhibit A") until recently, (2) by adjudicating the issue the Court will conserve judicial resources because the supplemental issue—application of a plainly erroneous summary-judgment standard as to Plaintiff's fifth cause of action, which Ninth Circuit precedent recognizes need not be raised in the parties' briefing to be taken up by the appellate court[1]—reduces the number and complexity

---

[1] "In *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978), the [Ninth Circuit] Court [of Appeals] noted that when 'the issued conceded or neglected in the trial court is purely one of law and either does not affect or rely upon the factual record developed by the parties, . . . the court of appeals may consent to consider it." *Telco Leasing, Inc. v. Transwestern Title Co.*, 630 F.2d 691, 693 (9th Cir. 1980) (then citing *Hansen v. Morgan*, 582 F.2d 1214, 1217 (9th Cir. 1978); and then citing *Foster v. United States*, 329 F.2d 717 (2d Cir. 1964)); *see also F.D.I.C. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 n.1 (S.D. Cal. 2000) ("The Ninth Circuit could reverse on the ground that the Court applied the wrong legal standard, notwithstanding that FDIC did not argue the correct one in its briefs." (citing *Telco Leasing*, 630 F.2d at 693–94)).

APPELLANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

of the points of law that must be adjudicated in this appeal, and (3) although Appellee has already rejected this offer, Appellants are agreeable to Appellee being afforded an opportunity to prepare its own brief on the issue to ensure that it is not prejudiced. Each reason is described more fully below.

_First_, the undersigned did not become counsel of record until last Thursday. Before that, Appellants' only counsel of record were Peter Collisson, Constance N. Zurkowski, and Sheila Bayne. None of these attorneys could present oral arguments today.

- <u>Constance N. Zurkowski</u>. Ms. Zurkowski has been on medical leave for several months and is about to, or has just begun, a gradual return to the practice of law. She has not sufficiently returned to a degree that she would be in a position to handle oral arguments in this case.

- <u>Peter Collisson</u>. Mr. Collisson has encountered some set of difficulties in accessing his Ninth Circuit electronic credentials. As a workaround Ms. Bayne attempted to file a Notice of Appearance on his behalf, but it was stricken as contrary to the Court's rules. As of Friday, October 13, Mr. Collisson remained unable to enter an appearance in this action.

- <u>Sheila Bayne</u>. Ms. Bayne's son has been in Jerusalem during Hamas's recent assault on Israel, and she has not felt that she has the bandwidth to step in for Mr. Collisson.

In this context, Appellant's Counsel agreed to assist with oral

arguments just over one week ago. Once it became clear that Mr. Collisson would be unable to resolve his technical issues in time to participate in oral arguments, and Appellee's counsel stated that they would be opposed to a continuance of oral arguments, the undersigned's task list grew. This much expanded task list, however, is what put undersigned in a position to identify the issues detailed in Exhibit A.

*Second*, by agreeing to consider the issue raised in the supplemental brief, the Court could streamline adjudication of this appeal—as explained with specificity in Exhibit A, if the Court vacates the district court's summary judgment on Plaintiffs' fifth cause of action, then the Court could (and should) exercise its discretion to remand the case to the district court for further proceedings (without affirming the district court's judgment as to Plaintiff's other causes of action). This is consistent with "the 'cardinal principle of judicial restraint,' which instructs that 'if it is not necessary to decide more, it is necessary not to decide more.'" *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1168 (9th Cir. 2022) (quoting *Midbrook Flowersbulbs Holland B.V. v. Holland Am. Bulls Farms, Inc.*, 874 F.3d 604, 617 n.13 (9th Cir. 2017)). This would permit the district court to reexamine its summary-judgment rulings as

APPELLANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

to Plaintiffs other causes of action—mere interlocutory judgments until all other claims are adjudicated—if further developments in the case warrant it.

*Third*, Appellee would not be prejudiced by the Court's consideration of the proposed supplemental briefing identified in Exhibit A. Appellee, whose brief includes several pages defending the district court's grant of summary judgment on Plaintiff's fifth cause of action, would not be prejudiced by permitting Appellants to file supplemental briefing on the issue. However, Appellant would welcome Appellee's own supplemental briefing responsive to the issue raised in Appellant's own.

In light of the foregoing, Appellants ask the Court to exercise its discretion and grant this motion for leave to file Appellants' Supplemental Brief.

Respectfully Submitted,

Date: October 16, 2023    By: */s/ Christopher C. Cyrus*
                               Christopher C. Cyrus


*Attorney for Appellants*

# CERTIFICATE OF COMPLIANCE

Counsel for Appellants certifies:

1.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 37(a)(7)(B).  This brief contains 1,163 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(6).  This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Respectfully Submitted,

Date:  October 16, 2023          By:  /s/ *Christopher C. Cyrus*
                                      Christopher C. Cyrus


*Attorney for Appellants*

# Exhibit A

Appeal No. 22-56023

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

CHRISTIAN OMAR DIAZ GUEVARA, formerly minor C.G..,
BLANCA MENESES; BENJAMIN MENESES
*Plaintiffs-Appellants*,

*v.*

CHAFFEY JOINT UNION HIGH SCHOOL DISTRICT,
*Defendant-Appellee.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE FERNANDO M. OLGUIN, DISTRICT JUDGE
CIVIL CASE NO. 5:20-CV-01929-FMO-SP

———————————————

**APPELLANT'S SUPPLEMENTAL BRIEF**

———————————————

CYRUS LEGAL INSIGHTS | A LAW OFFICE
Christopher C. Cyrus, SBN 24097110
4300 Mansfield Dam Road, #331
Austin, Texas 78734
Telephone: (512) 537-9202
christopher@cyrus.legal

*Attorney for Appellants*

# TABLE OF AUTHORITIES

**Page**

## CASES

*Beasley v. Astrue*
    No. C10-5486-JLR-BAT, 2011 WL 1327130 (W.D. Wash. 2011)..................................3

*Heinemann v. Satterberg*
    731 F.3d 914 (9th Cir. 2013) ..................................................................................1–2

*McKay v. Novartis Pharm. Corp.*
    751 F.3d 694 (5th Cir. 2014) ..................................................................................4

*Midbrook Flowersbulbs Holland B.V. v. Holland Am. Bulls Farms, Inc.*
    874 F.3d 604 (9th Cir. 2017)..................................................................................5

*New Harvest Christian Fellowship v. City of Salinas*
    29 F.4th 596 (9th Cir. 2022)..................................................................................1

*Ratha v. Phatthana Seafood Co.,*
    35 F.4th 1159 (9th Cir. 2022) ..................................................................................4–5

*Sprit of Aloha Temple v. Cnty. of Maui*
    49 F.4th 1180 (9th Cir. 2022)..................................................................................1

*Towers of Washington v. Washington*
    350 F.3d 925 (9th Cir. 2003) ..................................................................................3

*United States v. Aguilar,*
    782 F.3d 1101 (9th Cir. 2015)..................................................................................3

*United States v. Graf,*
    610 F.3d 1148 (9th Cir. 2010) ..................................................................................3

## STATUTES

42 U.S.C. § 2000(d) ..................................................................................2

## RULES

Federal Rule of Appellate Procedure 26(b) ..................................................................................1

Federal Rule of Civil Procedure 56 ..................................................................................1

A district court's grant of summary judgment is reviewed de novo. *Spirit of Aloha Temple v. Cnty. of Maui*, 49 F.4th 1180, 1187 (9th Cir. 2022) (citing *New Harvest Christian Fellowship v. City of Salinas*, 29 F.4th 596, 600 (9th Cir. 2022)). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." *Aloha Temple*, 49 F.4th at 1187 (citing *New Harvest Christian Fellowship*, 29 F.4th at 600–01).

On proper application of that standard, not only are district courts prohibited from basing summary judgment on a party's failure to provide citations to applicable caselaw, but the Ninth Circuit has made clear that a district court cannot even grant summary judgment due to a non-movant's failure to respond to the motion. *See, e.g.*, *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013) ("[A] motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary."). That is consistent with the Advisory Committee Notes regarding the 2010 revisions to Federal Rule of Civil Procedure 56, which "explain that these amendments prohibit the grant of summary judgment 'by default

even if there is a complete failure to respond to the motion.'" *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). The Notes go on to explain that although a failure to respond to a motion for summary judgment may result in certain facts being "deemed admitted," district courts must nevertheless engage in an assessment of "the legal consequences of these facts and permissible inferences from them." *Id.*

Here, the district court failed to comply with this standard when it granted summary judgment in favor of Defendant on Plaintiff's fifth cause of action, which asserted: "[B]ecause the Defendant District's conduct discriminates against foreign students by evaluating them differently than native students, the District has violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., which prohibits discrimination on the basis of race, color, and national origin." (ER-194). But the district court granted Appellee's summary judgment on and dismissed this cause of action because it stated that Appellant failed to provide "citations to legal authority or the record." (ER-18).

In support of its decision, the district court cited four cases for the proposition that "Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."

(*Id.*). But three of the cases that the district court cited did not actually address motions for summary judgment *See generally United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010); *United States v. Aguilar*, 782 F.3d 1101 (9th Cir. 2015); *Beasley v. Astrue*, No. C10-5486-JLR-BAT, 2011 WL 1327130 (W.D. Wash. 2011). The only case cited by the district court that did address a motion for summary judgment was *Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003), but that case was decided before the Federal Rules of Civil Procedure were amended in 2010. And as previously discussed, the Ninth Circuit has already held that in light of the 2010 amendments to the Federal Rules of Civil Procedure, even if a non-movant wholly fails to respond to a motion for summary judgment, Federal Rule of Civil Procedure 56 nevertheless charges district courts with the duty to assess whether a summary-judgment movant is "entitled to judgment as a matter of law."

In this case, the district court wholly failed to conduct that analysis, resting its decision to grant summary judgment on Plaintiffs' fifth cause of action on the district court's conclusion that Plaintiffs failed to provide "any citations to legal authority . . . ." (ER-18). Because that was plain error, this Court should vacate the district court's judgment and remand

this case for further proceedings.

If this Court resolves this issue in favor of Appellant, then no other issues need be resolved by the appellate court before remanding this matter back to the district court for further proceedings. In fact, only judgment as to all claims asserted by the parties results in a final judgment, which is what renders an action appealable to this Court. *See, e.g.*, *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (describing partial summary judgments as interlocutory "orders, being nonappealable when entered, are of course subject to appellate review following final judgment"). Indeed, had the district court not erred in its application of the Rule 56 standard, it could have at most entered partial summary judgment in this matter, meaning that (1) its partial summary judgments would be subject to being revised and vacated by the trial court itself until the lapse of its plenary power, and (2) this Court would lack jurisdiction to hear issues related to those partial summary judgments. *Id.*

Just as importantly, the Ninth Circuit "adhere[s] to the 'cardinal principle of judicial restraint,' which instructs that 'if it is not necessary to decide more, it is necessary not to decide more.'" *Ratha v. Phatthana*

*Seafood Co.*, 35 F.4th 1159, 1168 (9th Cir. 2022) (quoting *Midbrook Flowersbulbs Holland B.V. v. Holland Am. Bulls Farms, Inc.*, 874 F.3d 604, 617 n.13 (9th Cir. 2017)). Thus, if this Court holds that the district court erred when it granted Defendants' motion for summary judgment on Plaintiffs' fifth cause of action, then it should vacate the final judgment and remand for further proceedings without addressing the district court's remaining, partial summary judgment.

Respectfully Submitted,

Date: October 16, 2023 By: /s/ *Christopher C. Cyrus*
Christopher C. Cyrus

*Attorney for Appellants*

## CERTIFICATE OF COMPLIANCE

Counsel for Appellants certifies:

1.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 37(a)(7)(B).  This brief contains 1,284 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(6).  This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Respectfully Submitted,

Date:  October 16, 2023          By:  /s/ *Christopher C. Cyrus*
                                      Christopher C. Cyrus


*Attorney for Appellants*