**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTIAN OMAR DIAZ GUEVARA, formerly minor C.G.; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CHAFFEY JOINT UNION HIGH SCHOOL DISTRICT, <br><br> Defendant-Appellee. | No. 22-56023 <br><br> D.C. No. 5:20-cv-01929-FMO-SP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted October 17, 2023
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF,** District Judge.

Cristian Diaz Guevara ("Guevara") appeals the district court's grant of summary judgment in favor of Chaffey Joint Union High School District (the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

"School District"). Guevara was enrolled as a high school student in the School District in 2018 and alleges that he was denied his right to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"). He contends that the School District failed to timely assess his need for special education services, and that the eventual assessment was procedurally improper and led to the erroneous conclusion that he was ineligible for special education services. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In the spring of 2018, Guevara, who was then seventeen years old, emigrated from Honduras to live with his aunt and uncle in California. He did not speak English and had not attended school since the sixth grade. In the spring of 2019, Guevara's guardians requested a due process hearing alleging the School District had failed to evaluate him for special education eligibility and denied him a FAPE under IDEA. The School District assessed Guevara using various assessment tools and strategies. *See* 20 U.S.C. § 1414(b)(2). In October 2019, the School District held a meeting where it concluded that Guevara was ineligible for special education, and that his difficulties in school were instead attributable to his gaps in education and his unfamiliarity with the English language. In subsequent administrative due process proceedings pursued by Guevara, the Administrative Law Judge (ALJ) found that the School District's assessment was adequate and its conclusion regarding special education eligibility was reasonable. The district

2

court ultimately agreed with the ALJ's decision and entered judgment in favor of the School District.

We review the district court's findings of fact for clear error, even if those findings are based on the administrative record. *Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001). We review de novo the district court's conclusions of law. *Id*. Mixed questions of fact and law are reviewed de novo, "[u]nless a mixed question . . . is primarily factual." *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir. 1987). Finally, we give particular deference to administrative findings where they are "thorough and careful." *R.B., ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 937 (9th Cir. 2007) (quoting *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994)).

The ALJ's 57-page opinion weighing the evidence and finding in favor of the School District was thorough and careful. *See R.B.*, 496 F.3d at 942. At the conclusion of the hearing, where Guevara bore the burden of persuasion, *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005), the ALJ reasonably concluded that the School District's evidence, including its direct classroom observation and extensive assessment of Guevara, was more persuasive than the evidence offered by Guevara. The district court properly gave these findings due consideration. The district court's findings were not clearly erroneous.

Because the School District ultimately undertook a thorough assessment of Guevara and reasonably concluded he was ineligible for special education services, any procedural violation arising out of a failure to timely assess him would not entitle him to relief under IDEA. *See R.B.*, 496 F.3d at 942 ("a procedural violation cannot qualify an otherwise ineligible student for IDEA relief"); *see also D.O. By and Through Walker v. Escondido Union Sch. Dist.*, 59 F.4th 394, 415 (9th Cir. 2023) (rejecting the argument that "a delay in assessment is a per se denial of a FAPE, even if the delay does amount to a procedural violation of the IDEA"). Accordingly, the district court did not err in granting summary judgment to the School District.

Finally, by failing to squarely address the district court's dismissal of his Title VI claim in his opening brief, Guevara has waived this claim.[1] *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**

---

[1] Guevara's Motion for Leave to File Supplemental Brief, Dkt. No. 35, is denied.